PORTO RICO FERTILIZER Co., Plaintiff and Appellant, v. MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 6690. Argued November 2, 1936.—Decided February 26, 1937.

*J. Henri Brown, C. Ruiz Nazario, G. E. González, G. Benítez Gautier, and W. L. Butte* for appellant. *B. Fernández García, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for appellee. *M. Acosta Velarde* as *amicus curiae.*

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In this case a reconsideration of the judgment rendered on July 23, 1936, has been requested. (50 P.R.R. 389.)

It seems advisable to recall that this appeal was first decided by a judgment of November 13, 1935, affirming the judgment appealed from and that it was the appellant itself which moved this court to modify "the opinion rendered in this case in the sense of holding that the doctrine laid down in the cases of *American Colonial Bank of P. R.* v. *Gallardo* and *Soto Gras* v. *Domenech,* has not been changed in any way; conforming the opinion and judgment in this case to the doctrine established in the cited cases, or making the proper distinction, if this be possible, between the doctrine upheld in this case and the doctrine laid down in the other cases mentioned, in order to avoid grave confusion as regards the interpretation of the applicable law and jurisprudence, and to avoid grave injury to those taxpayers who, in good faith, have heretofore acted and proceeded, in the protection and defense of their rights, in accordance with the holding of this court in the cases above cited."

Since the court became aware of the fact that it was necessary to lay down a clear and definite rule on this point, it decided to reconsider as it did reconsider its judgment of November 13, 1935, and to hear the parties again, which it did fully both orally and by brief, besides hearing the *amicus curiae* Mariano Acosta Velarde.

It was by virtue of the careful study made by counsel and the court that the latter finally faced the unavoidable

question of a written provision of law in force which must be given effect. The extensive opinion of which the appellant complains is finally reduced to that question. It was at its own request that the question was definitely settled, precisely for the purpose of avoiding the injuries to which the said appellant refers in its motion for reconsideration.

We realized the difficulty of the problem in view of the adverse decision of the Circuit Court of Appeals for the First Circuit, and we so stated in the said opinion. 50 P.R.R. 389, 401.

The appellant now maintains that the decision of the Circuit Court falls within the rule of *stare decisis* which must be accepted and followed. It might be so; but in our opinion it is otherwise under the attendant circumstances.

In the first place, the time that has elapsed is too short to make the decision binding under the rule of *stare decisis;* in the second place, the Circuit Court followed the decisions of this Supreme Court in a manner which does not show an independent conviction but deference to the local court; and in the third place, it is a question of written law which once so declared admits of no construction. The courts have no power to legislate.

The rehearing sought must be denied.